UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> KIMBALL HILL, INC., *et al.*, ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> KHI LIQUIDATION TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> G STONE CONSTRUCTION, INC., ) <br> ) <br> Defendant. ) <br> _____/ | Case No. 8:17-mc-00131-MSS-AAS |

## SUPPLEMENTAL MOTION TO IMPLEAD THIRD PARTY AND FOR ISSUANCE OF STATUTORY "NOTICE TO APPEAR"

Judgment assignee, SMS Financial J, LLC ("SMS"), by and through undersigned counsel and pursuant to §56.29, Florida Statutes, made applicable by Federal Rule of Civil Procedure 69, and in accordance with this Court's February 20, 2018 *Order* [D.E. 3], hereby files this *Supplemental Motion to Implead Third Party and for Issuance of Statutory "Notice to Appear"*, and states as follows:

### Relevant Procedural Background

1. Judgment has been entered in favor of Plaintiff, KHI Liquidation Trust, and against Defendant, G. Stone Construction, Inc., in the amount of $87,006.93 plus interest by the United States Bankruptcy Court Northern District of Illinois on November 16, 2010, which Judgment has been registered in this District. [D.E. 1].

2. On April 29, 2016, KHI Liquidation Trust assigned all of its right, title and interest in the Judgment to SMS. [D.E. 1-3].

3. On January 18, 2018, SMS filed its *Motion for Proceeding Supplementary to Execution, to Implead Third Party, and for Issuance of Statutory Notice to Appear* (the "*Motion for Proceeding Supplementary*"). [D.E. 2].

4. In SMS's *Motion for Proceeding Supplementary*, it alleged, among other things, that Gene Stone Construction, LLC is a mere instrumentality, alter ego or continuation of the Judgment Defendant, G. Stone Construction, Inc.

5. SMS therefore sought entry of an Order granting its *Motion for Proceeding Supplementary*, invoking proceedings supplementary to execution, impleading Gene Stone Construction, LLC as a Third Party/Execution Defendant to this action, and issuing a *Notice to Appear* to Gene Stone Construction, LLC pursuant to Florida Statute §56.29(2), directing it to file the appropriate affidavit as provided by Florida Statute §56.16 stating why its property, debt, or other obligations should not be applied to satisfy the Judgment.

6. On March 8, 2018, this Court entered an *Order* [D.E. 3] which granted in part and denied in part, without prejudice, the relief requested in SMS's *Motion for Proceeding Supplementary*.

7. Pursuant to the March 8, 2018 *Order*, this Court determined that SMS is entitled to proceedings supplementary to execution and granted the motion in that regard. *Order* at p. 4.

8. However, this Court denied SMS's request to implead Gene Stone Construction, LLC and to issue a Notice to Appear without prejudice so that SMS could include the required property descriptions in a supplemental affidavit. *Order* at p. 5, *citing* Fla. Stat. §56.29(2) and *Longo v. Associated Limousine Servs.*, No. 4D17-516, 2018 WL 527016 (Fla. 4th DCA Jan. 24, 2018).

9. SMS now files this *Supplemental Motion* and the Supplemental Affidavit of Jonathan Harris, manager of SMS, which is attached hereto as **Exhibit "A"**, to address the Court's concerns and requests set forth in the *Order*.

10. As to the required property description and the Notice to Appear, SMS submits that because it is alleging alter ego liability against Gene Stone Construction, LLC, the appropriate property description is as follows: any property of Gene Stone Construction, LLC (who is the alter ego of the judgment debtor G. Stone Construction, Inc.) not exempt from execution in the hands of any person, or any property, debt, or other obligation due to Gene Stone Construction, LLC which may be applied toward the satisfaction of the judgment entered against G. Stone Construction, Inc. *See Longo*, 2018 WL 527016 at *5 ("in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment" and need not "identify property that had been *transferred* to the impleader defendants").

11. This Court additionally ordered SMS to clarify the relief which it is seeking. *Order* at p. 6. In response to this Court's request, SMS submits that at this time, it is seeking relief pursuant to an alter ego/mere continuation theory of liability, and specifically SMS is seeking to hold Gene Stone Construction, LLC liable for the judgment entered against G. Stone Construction, Inc. *See Allied Industries International, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1519 (S.D. Fla. 1988) ("Under Fla. Stat. §56.29(5), a court may fashion an appropriate remedy to afford a judgment creditor as complete relief as possible including finding a new corporation liable for a judgment against its predecessor corporation when the new corporation is merely the alter ego of

3

the judgment debtor"); *Cabrales v. Las Brisas Quick Hand Car Wash*, 2012 U.S. Dist. LEXIS 197932 (S.D. Fla. Nov. 16, 2012).[1]

**WHEREFORE**, Judgment assignee, SMS Financial J, LLC, respectfully requests that this Honorable Court enter an order:

a.  Granting this Motion;

b.  Impleading Gene Stone Construction, LLC as party to this action;

c.  Issuing *Notices to Appear* to the Third Party/Execution Defendant, Gene Stone Construction, LLC, pursuant to Florida Statute §56.29(2), directing it to file the appropriate affidavit as provided by Florida Statute §56.16 stating why its property, debt, or other obligations should not be applied to satisfy the Judgment;[2] and

d.  Entering such further relief as the Court deems just and appropriate.

       **RICE PUGATCH ROBINSON STORFER & COHEN PLLC**
       *Attorneys for SMS Financial J, LLC*
       101 N.E. 3rd Avenue, Suite 1800
       Fort Lauderdale, Florida 33301
       Telephone:  (954) 462-8000
       Facsimile:  (954) 462-4300

       By:  /s/ Riley W. Cirulnick
            Riley W. Cirulnick
            Florida Bar No. 0333270
            rcirulnick@rprslaw.com

---

[1]  SMS is not presently seeking relief under Chapter 726 relating to a specific fraudulent transfer. If additional facts come to light during the course of this litigation and discovery concerning fraudulent transfers, SMS will seek leave of court to either amend its *Motion for Proceeding Supplementary* or file a supplemental complaint to address such transfers and any appropriate remedies pursuant to Fla. Stat. §56.29.

[2]  A proposed *Notice to Appear* pursuant to Florida Statute §56.29(2) is attached hereto as **Exhibit "B"**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 4th day of April, 2018, upon: G. Stone Construction, Inc. c/o Eugene Stone, director as trustee, 2711 Glenview Drive, Land O' Lakes, Florida 34639; and Gene Stone Construction, LLC, 2711 Glenview Drive, Land O' Lakes, Florida and 34639 and c/o Taxxpress & Accounting, LLC, its registered agent, 3043 Gulfwind Drive, Land O' Lakes, Florida 34639.

/s/ Riley W. Cirulnick
Riley W. Cirulnick

5631.025

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| KIMBALL HILL, INC., *et al.*, ) | Case No. 8:17-mc-00131-MSS-AAS |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| KHI LIQUIDATION TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| G. STONE CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTION FOR PROCEEDING
SUPPLEMENTARY TO EXECUTION AND TO IMPLEAD THIRD PARTY**

STATE OF ARIZONA     )
                                      )ss.:
COUNTY OF MARICOPA )

Jonathan Harris, being duly sworn, deposes and states:

1. I am a Manager of SMS Financial J, LLC ("SMS"), Judgment Assignee in the above-styled action, and am authorized to give this affidavit on behalf of SMS.

2. I make this affidavit based on my personal knowledge and my review of SMS's files and business records with respect to the defendants in this action.

3. The business records of SMS are complete and correct, have been kept under my supervision and control and were made at or near the time of the events recorded in the records by or from information transmitted by a person with knowledge. These records are kept in the ordinary course of a regularly conducted business activity and it is SMS's regular practice to keep such records.

4. Judgment has been entered in favor of Plaintiff, KHI Liquidation Trust, and against Defendant, G Stone Construction, Inc., in the amount of $87,006.93 plus interest by the United States Bankruptcy Court Northern District of Illinois on November 16, 2010, which Judgment has been registered in this District (the "Judgment").

5. On April 29, 2016, KHI Liquidation Trust assigned all of its right, title and interest in the Judgment to SMS.

6. SMS has filed a Judgment Lien Certificate with the State of Florida Division of Corporations in accordance with Fla. Stat. §55.201, *et seq.*

7. Defendant, G. Stone Construction, Inc., has failed to satisfy the Judgment.

8. The Judgment and the Judgment Lien Certificate remain valid, outstanding and unsatisfied.

9. As a judgment creditor holding an unsatisfied judgment, SMS is entitled to initiate proceedings supplementary to execution and to implead third party, Gene Stone Construction, LLC.

10. The description of the property, debt, or other obligation that may be available to satisfy the Judgment is as follows: Any property of Gene Stone Construction, LLC not exempt from execution in the hands of any person, or any property, debt, or other obligation due to Gene Stone Construction, LLC which may be applied toward the satisfaction of the Judgment entered against G. Stone Construction, Inc.

SMS FINANCIAL J, LLC

By: _____
Jonathan Harris

The foregoing instrument was acknowledged before me this 3rd day of April 2018, by Jonathan Harris, manager of SMS Financial J, LLC. He is personally known to me or has produced ___LICENSE___ [type of identification] as identification and did take an oath.


KYLER KIENHOLZ
Notary Public - Arizona
Maricopa County
Expires 08/15/2019

Notary Public:
sign _____
print  Kyler Kienholz

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| KIMBALL HILL, INC., *et al.*, ) | Case No. 8:17-mc-00131-MSS-AAS |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| KHI LIQUIDATION TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| G STONE CONSTRUCTION, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| GENE STONE CONSTRUCTION, LLC, ) | |
| ) | |
| Supplemental Defendant. ) | |
| _____/ | |

### NOTICE TO APPEAR IN PROCEEDINGS SUPPLEMENTARY
### PURSUANT TO FLORIDA STATUTE §56.29(2)

THIS CAUSE came before this Court upon entry of an *Order Granting Motion to Implead Third Party and for Issuance of Statutory "Notice to Appear"* [D.E. __]. Pursuant to Florida Statute §56.29(2), this Court hereby issues this *Notice to Appear in Proceedings Supplementary Pursuant to Florida Statute §56.29(2)* (the "*Notice to Appear*") upon Supplemental Defendant, Gene Stone Construction, LLC:

1.  This Court's *Order Granting Supplemental Motion to Implead Third Party* provides that this Court shall issue a Notice to Appear pursuant to Florida Statute §56.29(2) directed to supplemental defendant, Gene Stone Construction, LLC.

CASE NO.: Case No. 8:17-mc-00131-MSS-AAS

2. Pursuant to Florida Statute §56.29(2), within seven (7) business days of service of this *Notice to Appear*, Gene Stone Construction, LLC is directed to file an affidavit, as provided in Florida Statute §56.16, stating why the property, debt, or other obligation described herein should not be applied to satisfy the Judgment entered in favor of Plaintiff and against G. Stone Construction, Inc. on November 16, 2010. The description of the property, debt, or other obligation that may be available to satisfy the *Judgment* is as follows:

> **Any property of Gene Stone Construction, LLC, including but not limited to real property, personal property and funds held in bank accounts, not exempt from execution in the hands of any person, or any property, debt, or other obligation due to Gene Stone Construction, LLC which may be applied toward the satisfaction of the Judgment entered against G. Stone Construction, Inc.**

3. By service of this *Notice to Appear*, Gene Stone Construction, LLC is hereby notified that it has the opportunity to present defenses, to participate in discovery as provided under the Florida Rules of Civil Procedure, and to assert a right to a jury trial as provided in Florida Statute §56.18.

4. A responding affidavit must raise any fact or defense opposing application of the property described in this *Notice to Appear* to satisfy the *Judgment*, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the responding affidavit.

DONE and ORDERED in Chambers this ____ day of _____, 2018.

_____
United States District Judge

Copies furnished to:

Riley W. Cirulnick, Esq.
G. Stone Construction, Inc.
Gene Stone Construction, LLC

5631.025