**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

**KIMBALL HILL, INC.,** *et al.***,**

      **Debtors,**

_____

**KHI LIQUIDATION TRUST,**

      **Plaintiff,**

**v.**                                                                                  **Case No.: 8:17-mc-131-T-35AAS**

**G. STONE CONSTRUCTION, INC.,**

      **Defendant.**

_____/

**ORDER**

Judgment assignee SMS Financial J, LLC ("SMS") moves for an order impleading third party Gene Stone Construction, LLC ("Gene Stone") and for issuance of a notice to appear. (Doc. 4).

**I.**    **BACKGROUND**

The United States Bankruptcy Court for the Northern District of Illinois entered judgment (the "Judgment") in favor of KHI Liquidation Trust ("KHI") against G. Stone Construction, Inc. in the Chapter 11 case *In re: Kimball Hill, Inc., et al.,* N.D. Ill. Bankr. Case No. 08-10095. (Doc. 1). KHI assigned its rights, title, and interest in the Judgment to SMS, and the Bankruptcy Court entered an Assignment of Judgment. (*Id.*).

SMS filed a Motion for Proceedings Supplementary to Execution, to Implead Third Parties, and For Issuance of Statutory "Notice to Appear" in this court. (Doc. 2). The court found SMS

entitled to proceedings supplementary to execution. (Doc. 3). The court, however, denied the motion without prejudice as to all other requests and directed SMS to file a supplemental motion that: (1) included the property descriptions required by Section 56.29(2) of the Florida Statutes for the court's issuance of a Notice to Appear; (2) attached proposed Notice to Appear with updated property descriptions; and (3) clarified the relief it sought from the third parties it sought to implead. (*Id.* at pp. 6-7).

## II.     ANALYSIS

### A.     Jurisdiction

In the instant motion, SMS clarifies the relief it requests against Gene Stone. (Doc. 4 ¶¶ 10-11). Specifically, SMS seeks to hold Gene Stone liable for the Judgment entered against G. Stone Construction, Inc. "pursuant to an alter ego/mere continuation theory of liability." (*Id.* ¶ 11). SMS is "not presently seeking relief under Chapter 726 relating to a specific fraudulent transfer." (*Id.* ¶ 11, n.1).

While a federal court has ancillary jurisdiction over "a broad range" of proceedings supplementary involving the execution of federal judgments[1] as to third parties, "including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances," "ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." *Peacock v. Thomas*, 516 U.S. 349, 356, 359 (1996); *see* Fed. R. Civ. P. 82 (explaining that procedural rules, such as Rule 69, governing the procedure for the execution of judgments, do not "extend or limit the jurisdiction of the district courts or the venue of actions in those courts").

---

[1] Because KHI registered the Judgment (Doc. 1), it has the same effect and may be enforced as if this court had entered it. 28 U.S.C. § 1963.

The Supreme Court has made clear that its recognition of proceedings supplementary has not "extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment," and, importantly, it has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Compare Peacock*, 516 U.S. at 351, 356–70 (concluding that the district court lacked jurisdiction over a judgment creditor's supplementary proceeding to impose liability for a money judgment on a third party), *with Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (concluding that the district court had ancillary jurisdiction to void a transfer pursuant to § 56.29(6) of the Florida Statutes because the judgment creditor sought to disgorge assets the judgment debtor fraudulently transferred to a third party but did not seek "to impose liability for a judgment on a third party").

Therefore, while the court has jurisdiction to implead Gene Stone, and disgorge assets G. Stone Construction, Inc. fraudulently transferred to Gene Stone the court lacks jurisdiction to hold Gene Stone liable for the Judgment unless SMS separately establishes the court's original jurisdiction over such a claim. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (remanding for the district court to (1) implead the judgment debtor's owner to determine whether the judgment debtor transferred funds to the owner that the owner would be required to disgorge and (2) determine whether the court had original jurisdiction over the judgment creditor's claim that the owner was individually liable for the Judgment under the alter ego doctrine); *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-32PRL, 2018 WL 829126, at *2 (M.D. Fla. Feb. 12, 2018) (impleading a third party but explaining that a complaint was statutorily required for the court to determine its jurisdiction over the judgment creditor's claims that the third party was a mere alter ego of the judgment debtor).

To hold Gene Stone liable for the Judgment, the proper course of action is for SMS to file and serve an impleader complaint. *See Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 16-15186-BB, 2017 WL 3393352, at *1 (11th Cir. June 6, 2017) (remanding to the district court for the judgment creditor to "amend its supplementary complaint against [third parties] . . . to invoke the district court's general diversity jurisdiction under 28 U.S.C. § 1332, rather that the court's more limited ancillary jurisdiction under FLA. STAT. § 56.29"); *Morningstar Healthcare, L.L.C. v. Greystone & Co.*, No. 8:05-CV-949-TMAP, 2008 WL 1897590, at *2 (M.D. Fla. Apr. 28, 2008) (impleading a third party and ordering the judgment creditor to file an impleader complaint seeking to hold the impleaded defendant liable for the judgment).

**B.       Notice to Appear**

Section 56.29(2) of the Florida Statutes requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." FLA. STAT. § 56.29(2).  Upon filing of this motion and affidavit, the court shall issue a Notice to Appear that "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." *Id.*

SMS attaches a Notice to Appear to the instant motion, providing the following property description:

> Any property of Gene Stone Construction, LLC, including but not limited to real property, personal property and funds held in bank accounts, not exempt from execution in the hands of any person, or any property, debt, or other obligation due to Gene Stone Construction, LLC which may be applied toward the satisfaction of the Judgment entered against G. Stone Construction, Inc.

(Doc. 4, Ex. B). "Any property" does not satisfy the "reasonable particularity" required by the Section 56.29(2). "[T]he description requirement in section 56.29(2) is a clear requirement of the statute," *Longo*, 2018 WL 527016, at *5, and SMS's property descriptions in the Notice to Appear simply do not meet the "reasonable particularity" standard required by Section 56.29(2).

## III.     CONCLUSION

Accordingly, it is **ORDERED** that the Supplemental Motion to Implead Third Parties and For Issuance of Statutory "Notice to Appear" (Doc. 4) is **GRANTED** to allow SMS to file and serve an impleader complaint to the extent SMS wishes to hold Gene Stone liable for the Judgment, and **DENIED without prejudice** as to all remaining requests. Within **fourteen (14) days**, SMS shall file an amended Notice to Appear and file and serve an impleader complaint, again, to the extent it wishes to hold Gene Stone liable for the Judgment.

**ORDERED** in Tampa, Florida, on this 13th day of April, 2018.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge